**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EUNICE SALAZAR,

    Plaintiff,

v.                                                          CIV. NO.  05-1308 WPL/LAM

VERNON JARAMILLO, ESPANOLA
SCHOOL DISTRICT BOARD OF
EDUCATION, Individually and in Their
Official Capacity, ESPANOLA PUBLIC
SCHOOL DISTRICT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In June of 2004 Plaintiff Eunice Salazar worked for the Espanola Public School District in its Human Resources Department. Salazar claims that on June 24, 2004 she was sexually harassed by Vernon Jaramillo, the Superintendent of the District. [Doc. 1 at 2-3]  She also claims that she was denied her due process rights and retaliated against when she reported the sexual harassment. [Doc. 1 at 8-12] Salazar asserts six causes of action against Jaramillo, the Espanola School District Board of Education and the Espanola Public School District.  [Doc. 1 at 6-15]

At issue is Salazar's Motion for Default Judgment against the Board of Education and the Espanola School District. [Doc. 5]  Salazar's Complaint was filed on December 15, 2005 and it appears that she served process on the Board of Education and the School District on December 16,

2005.[1]  [Docs. 1,2,3]  Thus, the Board's and the School District's answers were due by January 5, 2006, *see* FED. R. CIV. P. 12(a), and it is undisputed that no answers were filed on their behalf until January 13, 2006. Asserting solely these facts, Salazar moved for a default judgment against the Board and the School District.

Salazar failed to mention in her Motion that her counsel, Lorenzo Atencio, had been contacted by Nancy Nickerson on January 10, 2006, and that Ms. Nickerson had requested additional time to file an answer on behalf of all defendants. [Doc. 9 Ex. A]  In her Reply, Salazar asserts that "[c]ounsel were negotiating an agreement to extend the time to file an answer to the complaint" and that "[t]here was no meeting of the minds regarding an agreement to extend the time to file an Answer to the complaint." [Doc. 11] If that is true, one wonders why on January 11, 2006 Mr. Atencio wrote to Ms. Nickerson that "I was agreeable to granting an extension of time to January 13, 2006 to file an answer . . . [and] regret any misunderstanding and inconvenience." [Doc. 9 Ex. B] Perhaps Mr. Atencio practices law in an Alice in Wonderland jurisdiction where words only mean what he intends them to mean. Or perhaps counsel had reached an agreement for an extension of time, as seems likely based on the letters from Mr. Atencio and Ms. Nickerson, and Mr. Atencio subsequently withdrew from the agreement when Salazar would not consent to the extension.  Such an agreement would, of course, preclude Salazar's requested relief.

In any event, Salazar is not entitled to a judgment by default for a more basic reason: Salazar has failed to comply with the procedure set forth in Rule 55 of the Federal Rules of Civil Procedure

---

[1] I say "appears" because the Return of Service for the School District does not reflect the date of service, and the date for service for the Board of Education has been overwritten.  However, the process server executed the declarations of service on December 16, 2005, so I think it is safe to use that date as the date of service. [Docs. 2,3]

2

for applying for a default judgment. As Judge Posner stated in *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004), "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." To establish the default, a party must establish "by affidavit or otherwise" that a party has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). Once that has occurred, the clerk of court will enter a default against the party that has failed to plead or otherwise defend. *Id.* After the clerk has entered a default against a party, the other party may then apply for a judgment based on the default. *See In re Catt*, 368 F.3d at 793; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2nd Cir. 1995).

Salazar has skipped step one; she has failed to establish that the Board and the School District have failed to plead or otherwise defend this action, and has not requested the clerk to enter a default against them. Having failed to establish the default, Salazar is not entitled to a judgment by default against the Board and the School District.

Salazar's Motion for Default Judgment against the Espanola School District and Espanola School District Board of Education is DENIED.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          3

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.